



AUG 17 2007
8-17-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JOHN TURNER,  )
                       )
    Plaintiff,  )
                       )
v.  )
                       )
UNKNOWN CITY OF CHICAGO  )
POLICE OFFICERS and CITY OF CHICAGO,  )
IL  )
    Defendants.  )

**07CV4657**
**JUDGE DARRAH**
**MAG. JUDGE DENLOW**

Jury Demand

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JOHN TURNER, by his attorneys, Elliot Richardson, Rachelle Sorg, and Sean Baker, and in complaining against the Defendants, UNKNOWN CITY OF CHICAGO POLICE OFFICERS and the CITY OF CHICAGO, IL, states as follows:

### JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, U.S.C. §1331, the Constitution of the United States and the supplemental jurisdiction of this court as codified in 28 U.S.C. §1367(a).

### PARTIES

2.    The Plaintiff, John Turner, is a citizen of the State of Illinois and the United States.

3.    The Defendants, City of Chicago Unknown Police Officers, were at all

1 of 6 PageID #:7

times relevant to this Complaint duly appointed and sworn police officers of the City of Chicago, County of Cook, in the State of Illinois.

4.     The Defendant, the City of Chicago, is a duly incorporated Illinois municipal corporation and is the employer and principal of the Defendant Officers.

5.     At all times relevant to this Complaint, the Unknown City of Chicago police officers were acting under the color of state law, ordinance and/or regulation.

6.     The claims brought against the Unknown City of Chicago police officers are brought against them in their individual capacities.

## FACTS COMMON TO ALL COUNTS

7.     On August 2, 2007, Plaintiff John Turner was operating his vehicle on Clark Street, at or about the intersection of Clark Street and Granville.

8.     At said time, Defendant Unknown Chicago Police Officers (hereinafter "Defendant Officers") pulled their police cruiser along side the Plaintiff's vehicle and ordered him to pull off the road.

9.     A Defendant Officer approached the Plaintiff's window and requested his license.  The Plaintiff provided said Officer his license.

10.    The Plaintiff was ordered to exit his vehicle and directed to the rear of his vehicle.

11.    The Plainitff was then interrogated by one of the Defendant Officers.

12.    As this interrogation proceeded, the other Defendant Officer reached into the Plaintiff's vehicle, unlocked his doors and began to search said vehicle.

13.    While the search continued, the Defendant Officer interrogating the Plaintiff began verbally harrassing the Plaintiff.

14. The Defendant Officers searched the Plaintiff's vehicle without his consent. The Defendant Officers also searched the Plaintiff's wallet, which was inside his vehicle, without his consent.

15. The Plaintiff was not issued any warnings or citations on August 2, 2007.

16. The Plaintiff had not violated any laws on August 2, 2007. At no time on the above-referenced date did the Defendant Officers have a warrant to search the Plaintiff's vehicle. At no time on the above-referenced date did the Defendant Officers have reasonable suspicion or probable cause that the Plaintiff had engaged in any unlawful conduct.

17. The Plaintiff did not engage in any conduct that justified the Defendant Officers detaining him and/or searching his vehicle.

## COUNT I
### (42 U.S.C. §1983 Claim for Unreasonable Search and Seizures)

18. The Plaintiff hereby re-alleges and incorporates paragraphs 1 through 17 as though fully set forth in this Count.

19. This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

20. On August 2, 2007, the Plaintiff was stopped and detained by the Defendant Officers although said Officers lacked probable cause and were devoid of any justifiable basis for said seizures in violation of the Fourth Amendment of the United States Constitution.

21. On August 2, 2007, the Plaintiff was searched by the Defendant Officers although said Officers lacked probable cause and were devoid of any justifiable basis to search the Plaintiff, in violation of the Fourth Amendment

of the United States Constitution.

22.     The Defendant Officers' above-referenced conduct proximately caused the Plaintiff to be deprived of his Fourth Amendment right to be free from unreasonable search and seizure and caused him to be detained and his property searched against his will.  This caused the Plaintiff to be damaged.

WHEREFORE, the Plaintiff, JOHN TURNER, respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, punitive damages, attorney fees, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT II
### (42 U.S.C. §1983 Claim for False Imprisonment)

23.     The Plaintiff hereby re-alleges and incorporates paragraphs 1 through 17 as though fully set forth in this Count.

24.     This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

25.     The Defendant Officers caused the Plaintiff to be detained and imprisoned even though the Defendant Officers were devoid of any justifiable basis for said detention and imprisonment.

26.     The Defendant Officers caused the Plaintiff to be detained and imprisoned although they lacked probable cause for said action, in violation of the Fourth Amendment of the United States Constitution.

27.     The Defendant Officers' false imprisonment and unlawful detention of the Plaintiff constituted unreasonable seizures.

28.     The aforementioned actions of Defendant Officers proximately caused the Plaintiff to be deprived of his Fourth Amendment right to be free from unreasonable seizures and caused him to be unlawfully detained and imprisoned against his will. The Plaintiff was aware of this unreasonable detention. This caused the Plaintiff to be damaged.

WHEREFORE, the Plaintiff, JOHN TURNER, respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, punitive damages, attorney fees, the costs incurred in this matter, and any further relief that this Court deems just.

### COUNT III
### (745 ILCS 10/9-102 Claim against the City of Chicago)

29.     The Plaintiff hereby re-alleges and incorporates paragraphs 1 through 17 as though fully set forth in this Count.

30.     The Defendant, City of Chicago, was at all times relevant to this Complaint charged with oversight of the Chicago Police Department and its officers.

31.     The Defendant, City of Chicago, was at all times relevant to this complaint the employer of the Defendant Officers.

32.     The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

WHEREFORE, the Plaintiff, JOHN TURNER, respectfully requests that should the Defendant Officers be found liable for the acts alleged above, the Defendant, City of Chicago, Illinois, pursuant to 745 ILCS 10/9-102, pay any judgment the Plaintiff obtains against the Defendant Officers as a result of this Complaint.

Respectfully submitted,

_____
One of Plaintiff's Attorneys

ELLIOT RICHARDSON & ASSOCIATES, LLC
Elliot Richardson
20 S. Clark Street, Suite 500
Chicago, IL 60603
(312) 676-2100
(312) 372-7076
ARDC# 6256982